**12 CIV 5070**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiffs*



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WILLIAM J. WARREN,

    *Plaintiff,*

    v.

JOHN WILEY & SONS, INC.,

    *Defendant.*

Civil Action No.:

**COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Plaintiff William J. Warren, by and through undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable and, for his Complaint against Defendant John Wiley & Sons, Inc. ("Defendant" or "Wiley") states as follows:

### PARTIES

1.     Plaintiff William J. Warren ("Warren") is a resident of the State of California.

2.     Defendant John Wiley & Sons, Inc. is a New York corporation having its principal place of business at 11 Water Street, Hoboken, New Jersey.

## JURISDICTION AND VENUE

3.      This is an action for copyright infringement and related claims brought by Plaintiff, the registered owner of copyrights to photographs, including but not limited to those described herein, against Defendant for unauthorized uses of those copyrighted photographs.

4.      Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) because Defendant resides in this District, has infringed Plaintiff's copyrights within this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and under 28 U.S.C. § 1400(a) since Defendant resides or may be found in this District. Further, Defendant conducts substantial business in the State of New York, is subject to personal jurisdiction in the State of New York, has infringed Plaintiffs' copyrights in the State of New York and in this District, and has consented to this Court's jurisdiction over it in similar actions.

## GENERAL ALLEGATIONS

6.      Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

7.      Defendant Wiley is a publishing company specializing in educational textbooks and other similar materials and publications.

8.      Upon information and belief, Wiley has published several of Plaintiff's copyrighted photographs in various publications—including, but not limited to the publications identified herein—without permission.

2

9.     Information regarding the scope of Defendant's use of Plaintiff's photographs remains in Defendant's sole possession.

10.     Therefore, the full and complete scope of Defendant's infringing activities and infringing uses of Plaintiff's creative works has not yet been ascertained.

## FACTUAL ALLEGATIONS

11.     Plaintiff is the creator and owner of an original creative visual work titled or referred to as "Executives Silhouetted."

12.     The following is a true and correct copy of Plaintiff's original creative work:



13.     Upon information and belief, this image also has been described or identified as "Shadow of a Meeting."

14.     Upon information and belief, Defendant obtained a digital copy of Plaintiff's images from Plaintiff's licensing agent, Corbis Corporation ("Corbis").

15.     Defendant used Plaintiff's image on the cover of its publication entitled "The Five Dysfunctions of a Team."

16.     And license Defendant may have obtained to use this image was expressly limited to "hard cover and audio book editions" only.

17.     The license also expressly stated: "All other rights are reserved. No electronic media rights are granted beyond display on the full cover."

18.     Upon information and belief, in negotiating the terms of this license, Defendant's agent, Adrian Morgan, represented to Plaintiff on or about February 5, 2007 that Wiley's intended use of this image was limited to the hardcover edition of "The Five Dysfunctions of a Team" only.

19.     Upon information and belief, Defendant used Plaintiff's images in publications prior to February 2007.

20.     Upon information and belief, Defendant exceeded the scope of whatever license it may have obtained to use Plaintiff's image, including by publishing this image in publications other than "hard cover and audio book editions" only.

### *Wiley's Pattern of Infringement Demonstrates Its Conduct Is Willful*

21.     Defendant Wiley's fraudulent and infringing conduct is not limited to the publication identified herein.

22.     Defendant Wiley's unauthorized and uncompensated use of Plaintiff's creative work is part of a pattern and practice of using third-party content without permission and in excess of any license.

23.     Other photographers and stock photography agencies have brought actions against Defendant Wiley alleging copyright infringement claims nearly identical to those asserted by Plaintiff in this action. Indeed, Wiley has been sued all over the country by dozens of

4

photographers for infringing literally hundreds of photographs in dozens of different publications across multiple Wiley divisions, including:

- *John Wiley & Sons, Inc. v. Hiser*, No. 1:09-cv-4307 (S.D.N.Y.);
- *Grant Heilman v. John Wiley & Sons, Inc.*, No. 5:11-cv-01665 (E.D. Penn.);
- *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, No. 1:11-cv-0415 (D.N.H.);
- *Bean v. John Wiley & Sons, Inc.*, No. 3:12-cv-8001 (D. Ariz.);
- *DRK Photo v. John Wiley & Sons, Inc.*, No. 3:11-cv-8133 (D. Ariz.);
- *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-1416 (S.D.N.Y.);
- *Frerck v. John Wiley & Sons, Inc.*, No. 1:11-cv-2727 (N.D. Ill.); and
- *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090 (S.D.N.Y.).

24.     Evidence submitted to the courts in those actions demonstrates that Defendant Wiley has engaged in a systematic pattern of fraud and copyright infringement.

25.     Wiley has settled copyright infringement claims in several of these actions, including *John Wiley & Sons, Inc. v. Hiser*, No. 1:09-cv-4307 (S.D.N.Y.), and *Bean v. John Wiley & Sons, Inc.*, No. 3:12-cv-8001 (D. Ariz.).

26.     Wiley also has admitted to infringements in numerous cases, *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, No. 1:11-cv-0415 (D.N.H.); *Bean v. John Wiley & Sons, Inc.*, No. 3:12-cv-8001 (D. Ariz.); *DRK Photo v. John Wiley & Sons, Inc.*, No. 3:11-cv-8133 (D. Ariz.); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-1416 (S.D.N.Y.); and *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090 (S.D.N.Y.).

27.     Upon on information and belief, Wiley recently has begun to contact photographers whose images were used without permission or in excess of permission in an effort to clean up infringements and license violations.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

28.     Plaintiff repeats and re-alleges each allegation set forth in the above paragraphs as if set forth fully herein.

29.     Plaintiff is the creator and owner of the creative visual work identified herein and that is the subject of this action.

30.     Plaintiff registered copyright in the image that is the subject of this action.

31.     Upon information and belief, Plaintiff also entered an agreement with Corbis wherein Corbis agreed to register Plaintiff's images, including the image at issue in this action.

32.     Upon information and belief, Defendant used, published, distributed, and exploited Plaintiff's creative work without a license or in excess of any license.

33.     By infringing Plaintiff's copyrights in creating and distributing commercial publications, Defendant misappropriated Plaintiff's intellectual property for its own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

34.     Defendant's unauthorized use of Plaintiff's copyrighted images was willful.

35.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
### (FRAUD)

36.     Plaintiff repeats and re-alleges each allegation set forth in the above paragraphs as if fully set forth herein.

6

37.     The foregoing acts by Defendant constitute fraud in violation of all applicable laws.

38.     Upon information and belief, Defendant, by and through its agent Adrian Morgan, intentionally and willfully and knowingly misrepresented material facts to Plaintiff in seeking his permission to use an image and in negotiating the terms of the license.

39.     Upon information and belief, Defendant, by and through its agent, misrepresented the scope of its intended use of Plaintiff's photograph, including by representing that Defendant intended to and would use his photograph only in the hardcover edition of "The Five Dysfunctions of a Team" and would make no other uses of this image without obtaining a license and paying agreed-upon license fees prior to use.

40.     Upon information and belief, Defendant knew at the time it entered into negotiations with Plaintiff that it had made other, prior uses of his image and/or that it intended to make additional, undisclosed uses of his image.

41.     Upon information and belief, Defendant withheld crucial information from Plaintiff in seeking and negotiation a license, including information regarding its prior use of the image and/or information regarding the full scope of its intended use of the image.

42.     Upon information and belief, such information remained at all times in Defendant's sole possession.

43.     Upon information and belief, Defendant knew that Plaintiff would consider this information relevant to the license being requested and the terms of the license being negotiated.

44.     Upon information and belief, Defendant intended by its various misrepresentations to fraudulently obtain access to Plaintiff's photograph on terms that were more beneficial to Defendant.

7

45.     Upon information and belief, Defendant's fraudulent intent can be inferred from its subsequent conduct, including its violating the limits of its license.

46.     Upon information and belief, Defendant's fraudulent intent can be inferred from its subsequent conduct, including its refusal to disclose usage information to Plaintiff.

47.     Upon information and belief, Defendant's fraudulent intent can be inferred from its subsequent conduct, including its mischaracterization of the limits of its license.

48.     Defendant's fraudulent misrepresentations conduct reasonably deceived Plaintiff.

49.     Plaintiff suffered damages as a result of Defendant's fraud.

50.     Defendant's fraudulent conduct caused Plaintiff to suffer unique and distinct pecuniary harm, including the unlicensed, unauthorized, and uncompensated use of his creative works.

51.     Defendant's conduct deprived Plaintiff of his rightful compensation for the use of his creative works and unjustly enriched Defendant.

52.     Defendant's fraudulent conduct caused Plaintiff to suffer unique and distinct pecuniary harm, including the loss of full information in the negotiation of the licensing terms, the loss of licensing fees, the loss of the right to have licensing fees paid prior to use, the loss of licensing fees being paid without the risk and expense of litigation.


        **WHEREFORE**, Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1.     A preliminary and permanent injunction against Defendant precluding Defendant from copying, displaying, distributing, advertising, promoting, and/or selling any publications that include unauthorized uses of Plaintiff's creative works, and requiring Defendant to deliver to

the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendant;

2.     All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendant's lack of attribution, and Defendant's profits attributable to infringement;

3.     Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4.     Any other relief authorized by law, including punitive and/or exemplary damages; and

5.     For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated June 28, 2012
New York, New York.

Respectfully submitted,
NELSON & McCULLOCH LLP

By: _____

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178
dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiff*

9