# Kevin Mcculloch

| | |
|---|---|
| **From:** | Kevin Mcculloch |
| **Sent:** | Thursday, March 5, 2015 5:50 PM |
| **To:** | 'Rosenthal, Edward'; Dan Nelson |
| **Cc:** | 'Kadyshevich, Anna' |
| **Subject:** | RE: [BULK] RE: Warren v. Wiley |

Ned

I hate repeating myself, but you've never explained what is the basis for your understanding that we were talking about a general release or that there was any ambiguity on this point.  As you know, we are preparing to involve the court and thus I have repeatedly attempted to confer with you on this issue.  This is the central issue that you contend was open and yet you refuse to explain the basis for your position.  That is contrary to your duty to meet and confer in good faith.

It is apparent that you are ducking providing an actual response to this crucial issue because you cannot provide any support for your view that there was ever any ambiguity about the scope of the release.


**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
155 East 56th Street
New York, New York 10022
NY Office: (212) 355-6050
Direct/Cell: (646) 704-2278
Fax: (646) 308-1178

kevin@nmiplaw.com
www.nelsonmcculloch.com


CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Nelson & McCulloch LLP immediately and delete this message from your system.

**From:** Rosenthal, Edward [mailto:erosenthal@fkks.com]
**Sent:** Thursday, March 5, 2015 5:14 PM
**To:** 'Kevin Mcculloch'; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** RE: [BULK] RE: Warren v. Wiley

Kevin

I am not going to debate this. I said that my understanding was that we were talking about a general release. I am not going to be able to continue to have phone conversations with you if you are going to try to parse through every word and then extract phrases that you think help your position. It is absolutely clear from our communications, including the exchange of settlement drafts, that we did not reach agreement on a number of material deal points.

Ned


**Edward H. Rosenthal** | Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue | New York, New York 10022
t: 212.826.5524 | f: 347.438.2114 | erosenthal@fkks.com

**From:** Kevin Mcculloch [mailto:kevin@nmiplaw.com]
**Sent:** Thursday, March 05, 2015 4:56 PM
**To:** Rosenthal, Edward; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** RE: [BULK] RE: Warren v. Wiley

Ned

I have your position that the scope of the release is an "open issue" but I have no idea what the basis for that position is. None of your communications ever mentioned, let alone insisted on, a general release. Nor did any of my communications ever mention a release beyond the claims in suit. And your recent communications have never explained why you think the scope of release we agreed to grant in exchange for the ▮▮▮▮▮ offer we accepted was broader than the claims in suit. Whereas I have provided you with references to my emails that were explicit as to the scope of the release for the bargain we struck, you have not yet responded to this point other than with conclusory statements.

During our call earlier today, you agreed that your position that this was a negotiation for a general release was merely "in [your] head" and that is why I say you conceded the point. If you disagree and believe that there is anything in our settlement communications that would possibly support your position regarding the scope of the release, then I would appreciate you explaining your position.


**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
155 East 56th Street
New York, New York 10022
NY Office: (212) 355-6050
Direct/Cell: (646) 704-2278
Fax: (646) 308-1178

kevin@nmiplaw.com
www.nelsonmcculloch.com


CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to

deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Nelson & McCulloch LLP immediately and delete this message from your system.

---

**From:** Rosenthal, Edward [mailto:erosenthal@fkks.com]
**Sent:** Thursday, March 5, 2015 4:22 PM
**To:** Kevin McCulloch
**Cc:** Kadyshevich, Anna
**Subject:** FW: [BULK] RE: Warren v. Wiley

Our communications on all of these issues have been clear, and you have our position.


**Edward H. Rosenthal** | Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue | New York, New York 10022
t: 212.826.5524 | f: 347.438.2114 | erosenthal@fkks.com

**From:** Kevin Mcculloch [mailto:kevin@nmiplaw.com]
**Sent:** Thursday, March 05, 2015 4:06 PM
**To:** Rosenthal, Edward; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** RE: [BULK] RE: Warren v. Wiley

Ned

You contend that you did not concede that my emails were explicit and unequivocal as to the scope of the release. If that is the case, then please identify ANY basis for your position that our settlement position related to a general release and not a release only for the claims in suit.

Your contention that our agreement was merely tentative based on the scope of the release being an open issue is false, and you know it.

If you're agreeing to a 30 day extension, if needed, in Warren why would you oppose having the briefs done together? Seems petty and unprincipled. As I said, it is inefficient to brief them separately as the issues overlap and are mutually reinforcing. Plus, the other cases are not "unrelated" as they also are against Wiley and also involve your firm.


**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
155 East 56th Street
New York, New York 10022
NY Office: (212) 355-6050
Direct/Cell: (646) 704-2278
Fax: (646) 308-1178

kevin@nmiplaw.com
www.nelsonmcculloch.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Nelson & McCulloch LLP immediately and delete this message from your system.

**From:** Rosenthal, Edward [mailto:erosenthal@fkks.com]
**Sent:** Thursday, March 5, 2015 3:50 PM
**To:** 'Kevin Mcculloch'; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** RE: [BULK] RE: Warren v. Wiley

Kevin – I never conceded that your emails were "explicit and unequivocal."  We will oppose any attempt by you to enforce what you characterized as a "tentative" agreement.

We previously had agreed to adjust the schedule in the Warren case if we were not able to finalize an agreement, and we will consent to a 30 day adjournment of the briefing schedule in that case.  My suggestion is that the briefing schedule be as follows:  Motions due April 10;  Oppositions due May 8 and Replies due May 22.

As for Young-Wolff, we all have known about the existing dates for a couple of months, and there is no basis to change the schedule based upon your pressures in other, unrelated cases.  To the extent your request is based upon personal illnesses and issues, we will not oppose a two-week extension of the existing time periods for both side's motions.


Ned


**Edward H. Rosenthal** | Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue | New York, New York 10022
t: 212.826.5524 | f: 347.438.2114 | erosenthal@fkks.com

**From:** Kevin Mcculloch [mailto:kevin@nmiplaw.com]
**Sent:** Thursday, March 05, 2015 12:21 PM
**To:** Rosenthal, Edward; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** [BULK] RE: Warren v. Wiley
**Importance:** Low

Ned

Your contention that there is an "open issue" regarding the scope of the release or the additional license is baseless.  As I demonstrated conclusively – and which you have never disputed – my emails negotiating the release were explicit and unequivocal that the release would be limited to the photo/claims in suit.  You even conceded as much during our call today.  There also was never any discussion of a forward-going license and Wiley's effort to demand inclusion of any license in the release was improper as well – so claiming there are "open issues" related to the sell-off and merger provisions is clearly an effort to fabricate a dispute where there is none.

Wiley cannot "withdraw" an offer because we already accepted.   We will write the Court to request leave to move to enforce the agreement.  In that correspondence we will be providing the Court with the email

exchanges related to our settlement discussions to demonstrate that there was never any "open issue" regarding the scope of the release and that the claims in suit were settled for ▇▇▇▇.

We also intend to separately request that the Court adjust the briefing summary judgment briefing schedule.  Given that these cases are related and have proceeded as such, it is inefficient to brief the cases on separate tracks, particularly since the willfulness issues are so intertwined.  The issues in the Warren case also now will interfere with briefing the Young-Wolff matter.  As you also know, there have been a number of factors – including emergency surgery for Dan and illnesses in my family – that led to delays in the discovery process in the other Wiley cases and those events are now significantly interfering with briefing in these cases, including travel for the deposition of David Wells, needing to conduct the 30(b)(6) deposition of Wiley in 2 cities across 3 days, etc.  Please advise if Wiley consents to a 30-day adjournment of the briefing schedule.

**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
155 East 56th Street
New York, New York 10022
NY Office: (212) 355-6050
Direct/Cell: (646) 704-2278
Fax: (646) 308-1178

kevin@nmiplaw.com
www.nelsonmcculloch.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Nelson & McCulloch LLP immediately and delete this message from your system.

**From:** Rosenthal, Edward [mailto:erosenthal@fkks.com]
**Sent:** Thursday, March 5, 2015 11:42 AM
**To:** 'Kevin Mcculloch'; Dan Nelson
**Cc:** Kadyshevich, Anna
**Subject:** Warren v. Wiley

Kevin

Unfortunately, we have not been able to settle this case.  There are several significant open issues, including the scope of the release, the sell-off of inventory, the timing of payment, and your deletion of critical merger clause language.  Accordingly, Wiley hereby withdraws its offer to settle the case in the manner set forth in the draft agreement sent to you on February 24, 2014.

We still are willing to discuss a resolution, but will need to resolve all of the open issues, including those set forth above.  If Mr. Warren would like us to make a proposal to settle the case with a limited release, we will make a proposal, but it will be at a much lower number than we have been discussing.

Ned

**Edward H. Rosenthal** | Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue | New York, New York 10022
t: 212.826.5524 | f: 347.438.2114 | erosenthal@fkks.com

*Frankfurt Kurnit Klein & Selz Disclaimer*

*This e-mail message, including any attachments hereto, is not intended or written to be used, and cannot be used, by a taxpayer to (i) avoid tax penalties, or (ii) promote, market or recommend a transaction or matter to another person. It is intended solely for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail message or the attached files by anyone other than the intended recipient is strictly prohibited. If you have received this e-mail message in error, please notify the sender by reply e-mail or collect call to (212) 980-0120 and delete this e-mail message and attached files from your system. Thank you.*