# EXHIBIT 20

| | |
|---|---|
| **From:** | Kevin P. McCulloch |
| **To:** | "Aggarwal, Ashima - Hoboken" |
| **Cc:** | "dnelson@nelsonmcculloch.com"; "Barker, Joseph - Hoboken" |
| **Subject:** | RE: Gabe Palmer and Mark Gibson |
| **Date:** | Thursday, July 28, 2011 12:30:42 PM |
| **Attachments:** | Wu NDA (7-28-11).doc |

Ashima,

Repeating your position is not cooperating.  And intentionally ignoring or twisting my position definitely is not cooperating either.

Your first point is getting tiresome.  I do not want to repeat myself, so please listen carefully.  We need to know ALL the books that you placed an image in, not just subsequent editions.  Let me give you an example to help drive this point home:  If Wiley placed an image that was licensed for Costa Rica 2010 in Costa Rica 2011, yes we want to know that.  But we also want to know whether Wiley placed that image in publications relating to Montenegro or Tibet or Croatia or College Math or Elementary Social Studies or whatever.  Your attempt to limit your disclosure to "subsequent editions" is improper and obviously insufficient.  Please stop using semantic trickery to limit Wiley's disclosure.

Also, your emails continue to ignore the publication date issue. We cannot agree to disclosures of only print runs and inventory status.  We must know publication dates.

Your second point also is obstructionist.  We have been through this in countless iterations.  We absolutely disagree with your position and intend to take all necessary steps to compel Wiley's complete disclosure of information and to vindicate our clients' rights.

That being said, I think our clients will agree to send you invoices to end this stalemate.  Because we already have provided you with invoices for Norbert Wu, I know already that he will agree to this so I swapped out Palmer-Kane in our template NDA and inserted Norbert Wu.

I want to be absolutely clear that any settlement discussion will be limited to the images and publications involved in this process, there will be no general releases and our clients' reserve all rights and claims -- and fully intend to pursue actions -- regarding every other image obtained by Wiley for which Wiley refuses to disclose usage information on the grounds that our clients do not provide  Wiley a copy of a physical invoice.

Attached is the Wu NDA.  The relines to the information at issue in Section 3 is essential.  We will not agree to a disclosure limited to "subsequent editions" and we must get publication date information.

Also, I changed the signature block to Dan because I will be out of the office and he may need to execute in my absence.

Regards,

Kevin P. McCulloch
Attorney at Law
Nelson & McCulloch LLP
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, New York 10174

Main:   (212) 907-6677
Direct: (646) 704-2278
Fax:    (646) 308-1178

kmcculloch@nelsonmcculloch.com
www.nelsonmcculloch.com